# Law Offices of Irina Roller, PLLC

40 Wall Street – Suite 2508
New York, New York 10005
Telephone (212) 688-1100

MEMO ENDORSED

The City's request for a stay is denied, based on Plaintiff's representation that it will provide billing records by April 16, 2021. The parties will submit a joint status letter by May 12, 2021 to inform the Court whether the billing records have been provided to the City and whether the settlement discussions have progressed.

**Via ECF**
**Hon. Paul G. Gardephe**
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge

April 14, 2021

RE: L.M. individu[ally]    :21-cv-01733-PGG

Dear Judge Gardephe:

  I am attorney for the plaintiffs in the above matter. I submit this letter in Opposition and response to the Defendant's Letter Motion (ECF#10).

  Plaintiffs brought this action seeking to recover attorney's fees incurred in the course of administrative proceedings brought under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400, *et seq.* and this federal action. Plaintiffs served the Summons and Complaint on Defendant on March 23, 2021 (ECF #6).

  On Friday, March 26, 2021 at 4:34 pm Defendant's counsel, Ms. Giovanetti contacted me via email to request a 60-day extension to file Defendant's Answer in this matter and two other cases. On Friday, March 26, 2021 at 4:36 pm I responded, consenting to the 60-day on all three cases. On April 2, 2021 Ms. Jennifer Giovannetti Special Assistant Corporation Counsel filed a Letter Motion to Your Honor requesting the extension of their time to Answer the Complaint to June 14, 2021 (ECF# 8) which the Court granted (ECF #9).

  March 26, 2021 was the first time Ms. Giovanetti contacted me on this case. The following week was the start of the Passover and Easter holidays. I was out of the office that week and had an out of office message on. I emailed Ms. Giovanetti on March 29, 2021 to reiterate that I was out of town that week.

  In response to an email from Defendant's counsel on April 7, 2021 stating that she has been *"directed to file a letter motion to compel production if I do not receive them by the end of this week."* (the exact verbiage used in the other cases from other Corporation Counsel attorneys

assigned to other cases with my firm). I replied on April 7, 2021 to advise counsel that I returned to back-to-back hearings. I stated that I believed that there was no need to engage in motion practice, as that would be a waste of resources, and further stated that I would send the document that she requested so that we could engage in settlement. I believed that I was making my desire to pursue settlement clear.

Unfortunately, and inexplicably, Defendant's counsel by another attorney, Ms. Nimmer, filed a motion for a 90-day stay when their Answer is not due until June 14, 2021, which tells a one side-story meant to disparage me and my firm, and flood us with the work of responding to multiple motions at once.

Yesterday, April 12, 2021, between the hours of 5:14 pm and 5:33 pm Corporation Counsel by various Assistant Counsel attorneys simultaneously filed 5 such letter motions including this one, all with the same language and disparaging commentary (1:21-cv-01733-PGG, 1:20-cv-10729-GHW, 1:21-cv-02300-GHW, 1:20-cv-10514-JPC, 1:21-cv-02300-GHW). I have spent the entire day replying to these motions.

I beg Your Honor's indulgence and apologize in advance for taking the Court's time with a matter than can easily be resolved without motion practice or the Court's intervention, but I feel compelled to reply and to do so with detail so that that Your Honor has a complete picture.

While Corporation Counsel may employ 1,000 attorneys (and additionally have the resources to hire large private firms to handle fees cases) and is one of the largest law offices in the country (https://www1.nyc.gov/site/law/about/about-the-law-department.page), my firm is a small private firm with less 0.05% of those human resources.

My firm's very busy practice is dedicated solely to the representing students with disabilities, whose parents come to us because they believe that their child has been denied a Free Appropriate Public Education. We have outstanding track record of success (over 95% at least) in hundreds of cases whereby we have obtained winning decisions for our clients for the last 14 years. I and other members of my team work tirelessly to calm frantic parents, some of whom are indigent, while we work to obtain the educational services that their children require.

Unfortunately, even after we win on behalf of our clients, we must engage in yet a battle to enforce an un-appealed decision and in litigation over our legal fees. Each step of the way the Defendant throws up a with new obstacle. For example, the NYC Department of Education engaged in delays in implementing winning decisions, causing further frustration for already weary parents and making our firm, as parent's counsel, engage in needless work.  My experience is not unique. The problem of implementation grew so out of control that the DOE has been the subject of class actions to compel compliance – *L.V. et al. 1:03-cv-09917-LAP-KNF,* whereby Judge Preska ordered that a special master be appointed to oversee that the DOE's Implementation Unit.

My firm, like the other firms representing parents, has been faced not only with having to enforce our client's rights by going to hearing, but then, even upon winning, to be faced with the extra barrier of the DOE's deliberate choice not to implement un-appealed winning decisions. This eats up a large part of our time and resources, especially in recent years. Besides the time we spend

engaged in these enforcement activities, we must field constant calls from clients, who find it unfathomable that they won their case, but sees no actual resolution.

In practical terms this means that I and my staff must spend countless extra hours to follow up on implementation matters, and when that proves fruitless, to draft federal enforcement actions to be filed with this Court. This has been a critical point whereby I have some children face dis-enrollment by their schools due to implementation failures. In fact, I provided the DOE's implementation unit with a list of about 128 unimplemented decisions in my office on or about January 28, 2021 - after individual case follow up was met with radio silence. To date, the majority of these implementation issues remain unresolved, but unlike the DOE with over 100 attorneys and 1,000 Corporation Counsel attorneys, not including the private firms that they outsource fees cases to, I do not have the resources to file an action in each of those cases.

Further, Corporation Counsel, and particularly Attorney Martin Bowe, who I believe supervises attorneys in these cases, is well aware of the implementation difficulties when I brought this to his attention via email on January 28, 2021 and asked if he could assist, in an effort to avoid litigation. I contacted him because I believed that these types of cases would be assigned to him or be under his supervision. I wanted to give him the professional courtesy of notice and to see if we could avoid that litigation altogether. While Mr. Bowe replied that he would not handle these cases, the fact that he knows of these time-consuming issues faced by my firm and its clients, is undeniable. Further, my firm has experienced staffing losses in the wake of the Covid-19 pandemic.

I submit this lengthy response to the Court because I feel I must defend myself from disparaging letter submitted to the Court. However, I ultimately seek a resolution to this matter, and to that end I will provide the requested billing records no later than April 16, 2021. The Defendant admits liability, that Plaintiffs are entitled to prevailing party status. I believe that this matter can be resolved through good faith settlement negotiations and without additional Court intervention. In fact, I recently settled a few similar cases both with Corporation Counsel and the private firms they hired, and in other cases we are in active negotiations.

I submit to Your Honor that there is no delay, and certainly no prejudice to the Defendant whose Answer is not due until June 14, 2021 in denying its motion for a stay. I respectfully request that the Defendant's Motion be denied, and I propose that the parties submit a joint status letter by May 12, 2021. I believe this will give the parties sufficient time to engage in good faith settlement negotiations.

I thank Your Honor for his consideration and time.

Respectfully submitted,

s/
Irina Roller
Law Offices of Irina Roller, PLLC

Cc:   Jennifer Giovanetti, Esq. Via ECF